By the Court. Woodruff, J.
It is too plain, we think, to admit of controversy, that where a defendant purchases goods, which by his direction are delivered to a third person, he is liable for the value thereof, as for goods sold and delivered to him. That before the Code of Procedure, a recovery could be had in such a case under a declaration averring a sale and delivery to the defendant, is quite certain. The common counts in assumpsit would cover such a transaction.
If the Code of Procedure requires that the precise circumstances should be stated according to their literal truth, instead of according to their legal truth and effect, then the complaint here varies from the facts found by the referee in this, that the goods instead of being delivered to the defendant personally were delivered to, the boy Diaz, by the defendant’s authority.
This was not a failure to prove the plaintiff’s allegations in their entire scope and meaning, but a variance in some particulars only, and by the express terms of § 169 of the Code, no such variance between the allegation and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his defence upon the merits; and whenever it is alleged that the party has been so misled, that fact must be proved to the satisfaction of the Court.
By § 170, where the variance is not material as provided in the last section, the Court may direct the fact to be found according to the evidence. And by § 176, the Court is required to disregard any error or defect in the pleadings, which shall not affect the substantial rights of the adverse party.
Under the clear obligation imposed by these sections of the Code, we think that the variance should have been disregarded, i .The defendant did not prove that the variance had misled him ■ in any sense. Probably he was not misled at all.
The bill of particulars furnished him with the items when the complaint was served.
*419 The plaintiff’s bill for the same goods had been rendered to him, and he had repeatedly promised to pay it. The defect in the complaint, if any, was not such as could affect the substantial rights of the defendant.
The case of Smith v. Leland, was in some respects peculiar. The Court deemed the finding of the referee against the weight of the evidence, and adjudged that, a sufficient ground for ordering a new trial. In that case the alleged purchase was by a third person professing to be authorized to purchase and receive the goods on the defendant’s account. No evidence, there, showed or tended to show that the defendant himself made or ratified the actual purchase.
It was quite unnecessary for the Court to consider, and counsel do not appear to have called upon the Court to consider, whether, (if the finding of the referee had been according to the weight of the evidence), the variance even in that case might not have been deemed immaterial. Indeed the attention of the Court does not appear to have been called to any such question, and as a new trial was to be ordered it was of no materiality.
What is said in that case in regard to the defect in the declaration, may therefore, we think, be taken as expressing the opinion of the Court in regard to the appropriate manner of stating a sale and delivery to a third person, on the account and credit of the defendant, rather than as deciding that in a case such as we are now considering a variance of the description here found may not be disregarded.
It is true that the referee has not in his report, by an explicit finding, stated that the defendant made the purchase, but he places his decision upon the ground that delivery to a third person, under an authority from “the purchaser,” _when the goods are for the exclusive use of such third person, is not sufficient to support a complaint which avers a sale and delivery to the purchaser. If by this, is meant that if A purchases a hat, and directs the seller to deliver it to B, for B’s use, proof of these facts would not sustain a complaint alleging in the usual form a sale and delivery to A. We think the case of Smith v. Leland, was not intended to sanction the rule. We also think that although it would be competent in such case, and more in accordance with the design of our present system of pleading, to *420 set out the precise circumstances, yet to hold that the variance was so material that a complaint should be dismissed on that ground, whén the defendant was fully apprised of the precise claim, long before suit brought, and had promised to pay it, and when there is no pretence that the defendant had been misled, would be making the rules of pleading more strict than they were before the Code, and more strict than the Legislature intended when they said that “the allegations of a pleading shall be liberally construed with, a view to substantial justice between the parties.”
In regard to the other points submitted by the defendant’s counsel it must suffice to say that, the repeated promises of the defendant to pay the bill for the goods was sufficient evidence of value, and this also in connection with positive proof, that these goods were by mistake omitted when other bills were rendered, relieves the case from any difficulty arising from the rendering of a bill not including these charges. There was no final settlement of accounts in the sense claimed, to constitute a bar to the present claims.
And as to the suggestion that the promise was void, it is not only not found that the goods were not sold upon his sole credit, but the whole evidence shows, we think, that he was in truth the only debtor.
The judgment must be reversed, and a new trial ordered. Costs to abide the event.