### DUNNIGAN vs. CRUMMEY.

An agreement was entered into between the plaintiff and defendant, for the sale of a cracker machine by the former to the latter, and there was a delivery and an acceptance of a portion of the machine. That portion of the machine not delivered was taken by the plaintiff to a machine shop, at the request of the defendant, for the purpose of being cleaned, which was to be done at the joint expense of both parties. After the cleaning was completed, it was paid for by the plaintiff and that portion of the machine taken by him and tendered and offered to be delivered to the defendant. *Held* that there was a valid sale of the machine, and not merely an execu-tory contract for a sale, where something remained to be done on the part of the vendor, before the delivery of the property.

*Held* also, that the act of taking the machine, by the plaintiff, being for the benefit of the defendant, and his act, it was a delivery to the plaintiff as his agent, and the latter merely occupied the position of an agent, in conveying the property to the machine shop and returning it to the defendant, and the same was not held at his risk.

*Held, further*, that a portion of the machine having been actually delivered to the defendant, and the balance being in the hands of the plaintiff for the benefit and at the request of the defendant, and under the control and subject to the order of the latter, this was a sufficient delivery of the property.

Referees have the same power to allow amendments to pleadings as the court, on the trial, and upon the same terms, and with the like effect.

A referee may therefore grant an amendment of the complaint, not introducing a new cause of action distinct from that under which the plaintiff first sought to recover, or may disregard an immaterial variance between the complaint and the proof.

It is not erroneous for a referee to refuse to allow the defendant to serve an amended answer to the complaint as amended, where the defendant does not show that he was misled, or disclose facts showing wherein he was misled, but merely states it as his opinion, and that of his counsel, that an amendment of the answer, and further evidence, will be necessary.

APPEAL from a judgment entered upon the report of a referee. The complaint alleged, 1. That on the 26th of February, 1862, the plaintiff sold and delivered to the defendant a machine, called a cracker machine, for which he agreed to pay the sum of $200, and that he had neglected and refused to pay the same. 2. That at the request of the defendant, the plaintiff took and carried a part of the said machine to a shop to be cleaned and repaired, under an

Dunnigan *v.* Crummey.

agreement between them that the plaintiff should pay for the cleaning and repairs, and the defendant should pay him one half the amount. That the plaintiff paid $10 for such cleaning and repairing, and the defendant refused to pay one half the amount. The plaintiff prayed judgment for $205, and interest. The answer contained a general denial, and alleged that the plaintiff was not the owner of the machine, and never had authority to bargain for, or sell, the same. When the plaintiff rested his case, the defendant moved for a nonsuit on two grounds: 1. That the action being brought for the price of a machine sold and delivered, it could not be maintained, under the pleadings, even though there may have been a valid contract for the sale thereof, unless the machine was actually delivered; the only remedy for refusing to accept being an action for damages, in which case the rule of recovery would be entirely different from the rule in this action. 2. That the proof entirely failed to show a delivery of the machine to the defendant, under a contract for its sale. The motion was denied. At the close of the testimony the motion was renewed, on the grounds above stated, and on the additional ground that no valid contract had been proven, for the sale of the machine. That the contract price being more than $50, the case fell within the statute of frauds, and the contract was void, there having been neither delivery, payment of earnest money, nor writing. The motion was again denied, and the defendant's counsel excepted. The plaintiff's counsel thereupon moved to amend the first count of the complaint, as follows:

"The complaint of the plaintiff shows: That at the city of Albany, on or about the 26th day of February, 1862, the plaintiff bargained and sold to the defendant a machine called a cracker machine, for which the defendant then and there agreed to pay the plaintiff the sum of $200. That in pursuance of said bargain and sale, the plaintiff delivered a portion of said machine to the defendant, which the defendant accepted and received, and offered to deliver the remain-

der thereof to the defendant, which the defendant refused to accept or receive, and that the defendant has not paid the said $200, nor any part thereof."

The counsel for the defendant objected to the amendment of the complaint, on the grounds : 1. That the referee had no power to allow such amendment. 2. That if he had such power, the allowance of the amendment would not, in that stage of the cause, be in furtherance of justice. The defendant's counsel read an affidavit in support of the objections, and the referee allowed the proposed amendment, without imposing any terms on the plaintiff. The defendant then moved that he have leave to serve an amended answer, to the amended complaint, as a condition of such amendment. The referee denied the motion, and the defendant excepted. The amended complaint having been received, notwithstanding the objection of the defendant's counsel, he insisted and claimed that the evidence already taken under the original pleadings was not applicable to the amended complaint, and objected to its being made applicable. He therefore moved to dismiss the complaint because there was no evidence in the case. The motion was denied by the referee, and the defendant excepted.

The referee found the following facts : That at the city of Albany, on or about the 26th day of Februray, 1862, the plaintiff bargained and sold to the defendant a cracker machine, for which the latter agreed to pay the former the sum of $200 ; that in pursuance of said bargain and sale the plaintiff, on or about the same day, delivered a portion of the machine to the defendant, which the defendant accepted and received. That subsequently, and a short time thereafter, the plaintiff offered to deliver the remainder of the machine and tendered the same to the defendant, but the defendant refused to accept or receive the same. That the defendant has not paid the said sum of $200, nor any· part thereof. That on the said 26th day of February, 1862, the plaintiff, at the request of the defendant, took and carried

a part of said machine to a machine shop, to be cleaned. That by an agreement between the parties at the time, the plaintiff was to pay for one half of such cleaning, and the defendant was to pay the other half thereof. That such cleaning was done, at a cost of $10, which the plaintiff paid. That the defendant has not paid the one half of said sum, nor any part thereof. .

From these facts the referee found as a conclusion of law, that the plaintiff was entitled to recover the sum of $205, with interest. Judgment being entered accordingly, the defendant appealed.

*R. W. Peckham, Jun.* for the appellant.

*J. Lawson,* for the respondent.

*By the Court,* MILLER, J.   The first question presented in the case at bar arises upon the motion for a nonsuit, made by the defendant at the close of the plaintiff's testimony and renewed upon the final close of the evidence on both sides. This motion was based on several grounds, which I will proceed to examine and consider.

It is said that there was no sale and delivery of the property by the plaintiff to the defendant, and that the most which can be claimed for the evidence is a contract of sale — an executory agreement, to be completed at some future period by the delivery of the machine to the defendant and payment by him of the purchase price, to the plaintiff.

The question whether there was a sale, must depend, to a very great extent, upon the fact whether there was a delivery ; and both questions are somewhat blended together.

In reference to a sale ; it appeared upon the trial, that there was a contract, by which the plaintiff agreed to sell the machine to the defendant, and that there was a delivery, and an acceptance of a portion of the machine, under the contract. According to the plaintiff's evidence, that portion of the machine not delivered was taken by him to a machine

shop at the request of the defendant, for the purpose of being cleaned, which, by the agreement between the plaintiff and the defendant, was to be done at the joint expense of both parties ; each one agreeing to pay one half of the expense thus incurred.   After the portion of the machine left was cleaned, it was paid for, taken by the plaintiff, and tendered and offered to be delivered to the defendant.   I do not understand that it was a part of the agreement that the plaintiff should return that part of the machine, left for repairs, to the defendant, or that he was under any positive obligation to do so.   Whatever was done by the plaintiff, after taking a portion of the machine to the machine shop, was a voluntary act, on his part, and more than was actually required at his hands by the terms of the contract.   He merely conveyed the property to the machine shop for the benefit of the defendant, without in any way affecting the validity of the sale.   After he had done this, he had nothing more to do with the defendant.   The payment of one half the price of cleaning the machine was an act not necessarily connected with the defendant, as the amount to be paid would be so paid to the mechanic who had done the work.

I am inclined to think that under the circumstances there was a valid sale of the machine, and that the facts of the case do not show simply an executory contract for a sale where something remained to be done on the part of the vendor, before the delivery of the property, within the principle laid down in the cases to which our attention has been called.   (See McDonald v. Hewett, 15 John. 349 ; Russell v. Nicoll, 3 Wend, 112 ; Downer v. Thompson, 2 Hill, 137 ; Evans v. Harris, 19 Barb. 416.)   What remained to be done, by the plaintiff, here ?   He merely took the machine to be repaired, at the request of the defendant, the bargain having been consummated before this was done.   The whole contract had been completed before this.   The defendant had agreed to purchase, received a part of the thing purchased, and consenting and agreeing and thereby virtually directing

the plaintiff to take the other part to be repaired, and accepting the whole.    The act of taking the machine, by the plaintiff was for the benefit of the defendant, and his act.    It was a delivery to the plaintiff, as his agent.    After property has been once sold and delivered, no doubt the vendor may, by agreement of the parties, have it in custody as the servant, agent, carrier or bailee, and with or without compensation, and may convey it to another place without affecting the sale. (19 *Barb.* 427.)    The plaintiff, after the acceptance of the whole machine by the defendant, merely occupied the position of an agent, in conveying it to the machine shop and returning it to the defendant.    He had really nothing more to do with it.    The authorities referred to by the defendant's counsel were cases where some act remained to be done before the sale was actually consummated.    There was neither an actual or a constructive delivery.    In *McDonald* v. *Hewett,* (15 *John.* 349,) Spencer, J. lays down the following rule : "The distinction between executory and executed contracts is well defined.    The former conveys a chose in action, the latter a chose in possession," (citing several authorities.) "The decisive test, in cases of this kind, is, to consider at whose risk the subject of the contract was."    Applying this rule ; can it be fairly claimed that the plaintiff merely conveyed a chose in action when he had delivered a portion of the property to the defendant, and had at his request, and as his agent, conveyed the balance to another party ?    I think not. Neither can it be insisted, with propriety, that the machine or any part of it, was held at the risk of the plaintiff.    If it had been destroyed by fire, the loss would manifestly have fallen upon the defendant.

It should also be observed that the doctrine in regard to contracts being executory where some act remains to be done, mainly relates to cases where no portion of the property has been delivered.

In reference to a delivery, it is conceded that a portion of the machine was actually delivered to the defendant.    The

balance being in the hands of the plaintiff for the defendant's benefit, and by his request, I think was virtually delivered to the defendant. It was under his control, subject to his order, and belonged to him. This was a sufficient delivery. At least a portion was delivered, and that would be enough to make out a sale.

As there was a delivery of at least a portion of the machine, the objection that the contract was void by the statute of frauds, is not available.

It is further urged that the referee had no power to allow the amendment which he did, to the complaint, for it substantially changed the cause of action. If the views I have already expressed are correct, then the amendment would be of no sort of importance, being entirely unnecessary. As the amendment would not cause any injury to the defendant, if unnecessary, the point taken would be of no consequence. But I think the referee did not exceed his authority, in granting the amendment, even if it was in any way important. The amendment did not introduce a new cause of action entirely distinct from that under which the plaintiff first sought to recover, (*The Union Bank* v. *Mott*, 18 *How.* 507,) and is provided for by the code.

By section 273 of the code referees have the same power to allow amendments to pleadings as the court upon trial, and upon the same terms, and with the like effect. Section 169 of the code declares that no variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. And whenever it shall be alleged that the party has been so misled, that fact must be proved to the satisfaction of the court, and in what respect; and thereupon the court may order the pleading to be amended upon such terms as shall be just. By section 170, when the variance is not material, the court have power to direct the fact to be found according to the evidence, or may order an immediate amendment, without costs.

Dunnigan *v.* Crummey.

Under any circumstances, I think that there was no material variance between the complaint and the proof, and it was clearly within the power of the referee to grant the amendment, or disregard the variance. (*Catlin* v. *Gunter*, 1 *Kern.* 374. *Cobb* v. *West*, 4 *Duer.* 38. *De Peyster* v. *Wheeler*, 1 *Sandf.* 719. *Hawkins* v. *Appleby*, 2 *id.* 421. *Hart* v. *Hudson*, 6 *Duer*, 294. *Purchase* v. *Mattison*, *Id.* 587. *Rogers* v. *Verona*, 1 *Bosw.* 417.)

Nor was any error committed by the referee in refusing to allow the defendant to serve an amended answer to the complaint as amended. It was entirely unnecessary. The affidavit of the defendant did not show that he was misled, or disclose facts showing wherein he was thus misled. It merely established that it was the opinion of the defendant, and of his counsel, that an amendment of the answer and further evidence would be necessary. I think it should have gone a little further, and have shown the facts relied upon, in addition to those which had been clearly established, and proven. It should have been proven, to the satisfaction of the referee, that he was taken by surprise, and the affidavit should have specified, with reasonable precision and certainty, the nature of the evidence which the amendment to the complaint rendered material and necessary.

It is difficult to see how the party could have been misled in consequence of the amendment to the complaint. There was no pretense that the facts could be materially varied, and if not, there was no necessity of an amendment of the answer, or of further evidence.

The other questions raised after the amendment was granted are covered by the discussion already had, and it is not necessary to enlarge upon them.

I discover no error in the proceedings before the referee that was injurious to the defendant, and think that the judgment should be affirmed, with costs.

ALBANY GENERAL TERM, September 19, 1864. *Peckham, Miller* and *Ingalls*, Justices.]